**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF SOUTH DAKOTA

ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA  57501-2463**

| | |
|---|---|
| **IRVIN N. HOYT** | **TELEPHONE (605) 224-0560** |
| BANKRUPTCY JUDGE | FAX (605) 224-9020 |

February 28, 2006

Randall B. Blake, Esq.
505 W. 9th Street
Sioux Falls, South Dakota  57104

Doug and Pam Chilson
1921 Iowa Avenue SE
Huron, South Dakota  57350

    Subject:   *In re Daun Lee Maher*
                    Chapter 7; Bankr. No. 05-41887

Dear Mr. Mairose and Mr. and Ms. Chilson:

     The matter before the Court is the Motion for Order Directing Clerk of Court to Discharge Judgments Voided in Bankruptcy filed by Debtor on February 6, 2006.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and subsequent order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014.  As set forth below, Debtor's motion will be granted.[1]

     **Summary.**  On May 6, 2003, Doug and Pam Chilson ("Chilsons") obtained a judgment against Daun Lee Maher in state court for $787.23 plus costs and interest.  On October 6, 2005, Daun Lee Maher ("Debtor") filed for relief under chapter 7 of the bankruptcy code.  Debtor listed the Chilsons as unsecured creditors on her Schedule F.

     On October 8, 2005, the Bankruptcy Clerk served notice of commencement of the case on Debtor's creditors, including the Chilsons.  The notice of commencement of case clearly stated the deadline for filing a complaint objecting to discharge or to determine the dischargeability of a particular debt was January 17, 2006.

     Neither the Chilsons nor any of Debtor's other creditors filed a complaint objecting to discharge or to determine the dischargeability of a particular debt. On January 18, 2006, Debtor was therefore granted a discharge under § 727 of the bankruptcy code.

     On February 6, 2006, Debtor filed a Motion for Order Directing Clerk of Court to Discharge Judgments Voided in Bankruptcy.  The

---

     [1] The relevant facts are not in dispute.  The issue presented is purely a question of law.  Thus, no hearing was held.

Re:  *Duan Lee Maher*
February 28, 2006
Page 2


Chilsons' judgment was listed in Debtor's motion.  On February 15, 2006, the Chilsons filed an objection to Debtor's motion, in which they described the circumstances giving rise to their claim against Debtor.

   **Discussion.**   Section 524(a)(1) of the Bankruptcy Code provides:

   (a)   A discharge in a case under this title –

      (1)   voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived[.]

Section 524(a)(1) does not require the debtor to do anything to void a judgment.  The discharge *automatically* voids any judgment that represents a determination of the debtor's personal liability for a debt that has been discharged.

   Section 15-16-20 of the South Dakota code establishes the procedure for removing such a judgment from the records of the clerk of court for the county in which it was docketed.  When a debtor receives a bankruptcy discharge, she may file a motion in the bankruptcy court for an order listing each state court judgment that has been voided.  Upon receipt of the bankruptcy court's order, the clerk of court for the county in which the judgment was docketed must enter it in the judgment docket.  This has the effect of discharging the listed judgments from and after that date.

   In this case, the Chilsons received timely notice of Debtor's bankruptcy.  They did not object to Debtor's discharge or to the dischargeability of their claim.  Their claim was therefore discharged on January 18, 2006.  Their judgment was voided on that same date.  Debtor is therefore entitled to the relief requested in her motion.

   The Court will enter an appropriate order.

On the above date, a copy of this document was mailed or faxed to the parties shown on the attached service list.

Charles L. Nail, Jr.
Clerk, U. S. Bankruptcy Court
District of South Dakota

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)
This order/judgment was entered on the date shown above.
Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

INH:sh

cc:   case file (docket original; copies to parties in interest)

Doug and Pam Chilson
1921 Iowa Ave SE
Huron, SD 57350

Daun Lee Maher
819 Beach Avenue Se
Huron, SD 57350